## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ANITA LAMBERT,<br><br>Plaintiff,<br><br>v.<br><br>ROCCO CICCONE, D.D.S.,<br><br>Defendant. | Case No. _____<br><br>Hon. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Anita Lambert, by and through her attorneys, alleges as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Anita Lambert is an individual residing in the Lapeer, Michigan.

2.      Defendant Rocco Ciccone, D.D.S., is licensed to practice dentistry in the State of Michigan, with his principle place of business in Lake Orion, County of Oakland, Michigan.

3.      At all relevant times, Defendant Ciccone employed Plaintiff Lambert as defined by the Fair Labor Standards Act, 29 U.S.C. 203.

4.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal

1

question), and the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*.

5.     Defendant resides and operates his business in this District; therefore, venue is proper in the Eastern District of Michigan.

## ALLEGATIONS

6.     This case is brought under the Fair Labor Standards Act ("FLSA") for a failure to pay overtime.

7.     Plaintiff was employed by Defendant between October 2017 and November 2018.

8.     Plaintiff worked for Defendant Rocco Ciccone, D.D.S., during the relevant time as an administrative assistant for his dental practice, which is located in Oakland County, Michigan.

9.     Plaintiff at all times performed secretarial functions that consisted of filing claim forms with insurance companies, scheduling appointments, verifying insurance coverage, and other tasks related to the function of a dental office.

10.    Plaintiff had no responsibility for the hiring or firing of other employees, nor did she have any other responsibilities that required her to exercise managerial discretion.

11.    At all times, Plaintiff was paid according to an hourly rate for hours reported, up to forty hours per week.

12.    Plaintiff regularly worked hours in excess of 40 hours per week, and

Defendant at all times knew that Plaintiff was performing work for his benefit during these hours in excess of 40 in a work week.

13.     Defendant knowingly and willfully failed to compensate Plaintiff for the hours she worked above 40 hours in a work week.

14.     Accordingly, Plaintiff seeks to recover her overtime pay, based on a time-and-a-half calculation, earned between October 2017 and November 2018, when she was employed by Defendant.

15.     Plaintiff maintained and regularly updated records of the time she performed work for Defendant.

16.     Defendant's office building maintains electronic records of the times Plaintiff entered and exited the building that corroborate her hours worked.

17.     Plaintiff's work required her to regularly log into an insurance claims system to process requests for payments from insurance companies for Defendant's dental practice, and these log-ins corroborate the time Plaintiff spent on work tasks for Defendant in the hours before and after the dental office was open.

18.     However, the pay checks Defendant issued to Plaintiff for any pay period never compensated her for more than 40 hours of work in a one-week period.

19.     At all times relevant, Plaintiff was compensated no more than $19 an hour for her employment with Defendant.

20.     At all times relevant, Defendant knowingly suffered Plaintiff to work

hours in excess of a forty-hour work week, but never compensated her for any of the hours she worked in excess of 40 hours per week.

21.    Plaintiff regularly raised with Defendant her dissatisfaction at not being compensated for overtime work but no overtime pay was forthcoming.

## COUNT 1: VIOLATION OF THE FLSA FOR FAILURE TO PAY OVERTIME

22.    Plaintiff incorporates the above allegations by reference here.

23.    Plaintiff brings this action under 29 U.S.C. § 216(b) of the FLSA, because Defendant failed to compensate Plaintiff for overtime she was knowingly suffered to work, despite otherwise treating her as an hourly employee not subject to the administrative or executive exemptions of the FLSA.

24.    Defendant's violation of the FLSA's overtime requirements was willful, as Defendants were aware that during the period Plaintiff performance clerical duties and regularly worked in excess of 40 hours per week.

25.    Plaintiff is entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff seeks the following:

A.    An award of overtime wages under the FLSA;
B.    An award of liquidated damages under the FLSA;
C.    A declaratory judgment that the practices complained of are unlawful under the FLSA;
D.    Interest and costs;

E.    Attorneys' fees under the FLSA; and

F.    Any other relief the Court deems appropriate.

Respectfully submitted by:

**PITT, McGEHEE, PALMER, & RIVERS, PC**

By: /s/ Robin B. Wagner (P79408)_____
Robin B. Wagner (P79408)
Attorney for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
rwagner@pittlawpc.com

Dated:   January 4, 2019

## DEMAND FOR JURY BY TRIAL

Plaintiff, by and through her attorneys, Pitt McGehee Palmer & Rivers, P.C.,

hereby demand a trial by jury of all issues in the within cause of action.

Respectfully submitted by:

**PITT, McGEHEE, PALMER, & RIVERS, PC**

By: /s/ Robin B. Wagner (P79408)
Robin B. Wagner (P79408)
Attorneys for Plaintiff
117 West Fourth Street, Suite 200
Royal Oak, Michigan 48067
(248) 398-9800
rwagner@pittlawpc.com

Dated:   January 2, 2019

5